Savage, O. J.
The plaintiffs sued the defendants before a justice; and recovered $48 43 damages and costs. The defendants appealed to the common pleas, where a trial was had, and the case was as follows: The suit was brought for work and labor, in transporting certain goods from Troy to Eochester, and for money enclosed by the plaintiffs for the defendants, to a forwarding company for transporting the same goods from New-York to Troy.
The goods arrived in Eochester in May and June, 1826, when the plaintiffs presented to the defendants their bill for transporting the goods from Troy to Eochester, and a charge for money paid to Patterson and Hart for transporting them from New-York to Troy, to which the defendants made no objection. After the goods were ^delivered to the defendants, they refused to pay for transportation, unless the plaintiffs would pay for damage which the goods had received. The plaintiffs refused to make any allowance for the damage, as it appeared to have been sustained before the goods came into the hands of the plaintiffs, at Troy. On the part of the defendants, it appeared in proof that the goods were delivered to one Palnum, as agent for Hart & Co., (Pattison and Hart,) under the following contract : “ Eec’d on board the Troy line tow boats, Pittsburgh, from Hammet and Hone, for account of Messrs. E. E. Smith & Co. (defendants) of Eochester, 30 boxes lemons and 20 boxes oranges, and 6 do. pipes, marked E. E. Smith &' Co., in good order, which goods we promise to deliver to Messrs. Smith & Co., Eochester, in like good order, at the usual rates of transportation.” Dated at New-York, May 13th, 1826; and signed by E. Palnum. There was no other connection between Hart & Co., who received the goods in New-York, and the plaintiffs, than a general understanding that the two lines should assist each other to freight. It further appeared, that it was the custom for the plaintiffs’ line and some others, to receive goods from the transportation lines on the Hudson, with which they have *302 no connection, paying the charges from Hew-York to Troy, delivering them at the places of destination, and charging ■ to, and receiving from the owners, both their own freight and the moneys thus advanced. That it was not known to the plaintiffs, when they received the goods in Troy, that they had been delivered to Hart & Go., under the written contract. On these facts, the court charged the jury to find a verdict for the defendants, to which the plaintiffs excepted.
In my judgment, the court of common pleas erred. It should have been submitted to the jury to see whether there was not a promise to pay the plaintiff’s charges.
The plaintiffs received and transported the goods in question in the way which was usual upon the canal. They had no knowledge of the contract entered into by the defendants with Hart & Co. And before they delivered the goods, they presented to the defendants their bill *of charges, not only for their own transportation of them, but for the money paid to Hart & Co. The defendants, at that time, made no objection. They received the goods without disclosing to the-'plaintiffs that Hart & Co. were bound to deliver the goods in question. They could not consider the plaintiffs as the agents or sub-contractors of Hart & Co.; for the plaintiffs had made the account in their own names, and had charged for moneys paid Hart & Co. for transporting the goods from Hew York to Troy. It seems to me, therefore, that the defendants have, by their acts, waived any right which they had, of refusing payment of freight to the plaintiffs. They were bound in good faith to have stated to the plaintiffs the relation in which they stood to Hart & Co. If the goods were damaged, the defendants shoul have then asserted their claim to damages. But having received their goods with full knowledge of all the facts, without disclosing those facts to the plaintiffs, there was sufficient grounds for a jury to presume a promise to pay the plaintiffs’ charges.
The defendants have their remedy by action against Hart & Co. for the damage done their goods while in possession of the former.
*303 This case does not seem to me to involve any question as to the lien of the common carrier. I am disposed to admit that, independent of the conduct of the defendants, the plaintiffs had no claim against them. The defendants did not originally employ the plaintiffs, but other persons, to transport their goods from New York to Eochester. Those persons were obliged to perform that contract, and are answerable for any omission or neglect on their part, and for any injury done the goods before reaching the hands of the owners. But the defendants were at liberty to waive any rights which they had. They were not bound to receive their goods subject to any charge of any one but Hart & Go.; but having done so, where the plaintiffs acted perfectly fair, and according to the usual course of business, a different question is to be determined ; whether the defendants, by their own acts subsequent to their contract with Hart & Co., have not become liable to *pay the whole freight to the plaintiffs ? I think they have; and, if so, the judgment below should be reversed, and a venire de novo awarded from the Monroe common pleas.
Judgment reversed.